DUNLAP *v.* STATE OF INDIANA.

[No. 0-675. Filed December 17, 1964.]

Robert Dunlap, pro se.

Edwin K. Steers, Attorney General, for respondent.

ARTERBURN, C. J.—In our opinion of October 7, 1964 we cited the Public Defender to show cause why he should not represent the petitioner. Petitioner stated he had been previously sentenced in May, 1956 on a conviction of the crime of forgery to a period of two to fourteen years in the Indiana State Prison. He further stated he is a pauper and unable to employ counsel. He further stated that when he pleaded guilty he was denied counsel and that the judge "failed and neglected to advise petitioner that he was entitled by law to be represented by competent counsel at public expense" and that the "aforesaid court did *purposely* and unlawfully deny this petitioner his constitutional rights". He further stated that the Public Defender had refused to represent him.

The Public Defender has filed his answer to the show cause ruling. With it he files a transcript taken in shorthand at the time the petitioner was arraigned and pleaded guilty. This transcript plainly shows that this petitioner, in our opinion, has deliberately misstated the facts and committed a fraud upon this Court in the petition herein filed. Part of the colloquy between the

court and the petitioner at the time he was arraigned and prior to his plea is as follows:

"Q. Do you want an attorney appointed by the court to counsel with and represent you before you are arraigned?

"A. No, sir. I just want to plead guilty and be on the mercy of the court.

"Q. Well, now the question is 'do you want an attorney appointed by the court to counsel with and represent you before you are arraigned'. Just answer 'yes' or 'no'.

"A. No, sir.

"Q. Your answer to that question then is 'no'?

"A. Yes.

"THE COURT: Before reading the charge to you and asking you how you wish to plead, the Court instructs you that the charge against you is a felony, and the penalty as fixed by the legislature as follows:

(Here the statute fixing the crime is read to the petitioner.)

"The Constitution of the State of Indiana provides: In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face; and to have a compulsory process for obtaining witness in his favor.

"No person, in any criminal prosecution, shall be compelled to testify against himself.

"Q. Do you wish to have a copy of the affidavit in this cause?

"A. No, sir.

"Q. Has anyone made any promises to you or threatened you to induce you to plead either guilty or not guilty?

"A. No. sir.

"THE COURT: If you plead not guilty, you are

entitled to a hearing and trial as quickly as it can be done without unreasonable or unnecessary delay.

"Q. Are you now ready to be arraigned?

"A. Yes, sir.

"THE COURT: All right. You will stand up and listen to the reading of the affidavit, Read the affidavit, Clerk.

(Here affidavit read)

"Q. Do you fully understand the charge or allegations contained in the affidavit that has been read to you?

"A. Yes, sir.

"Q. This affidavit, having been read to you, are you ready now to plead?

"A. Yes.

"Q. How do you plead, guilty or not guilty?

"A. Guilty, sir.

"THE COURT: All right. You may be seated. Now, Mr. Prosecutor, do you desire to make an opening statement to the court about this cause—I don't know anything at all about it.

"DEPUTY PROSECUTING ATTORNEY: May it please the Court, in this particular case, the State versus Robert Dunlap, it was called to the Sheriff's attention on Monday, May 7th that a check had been passed and was not acceptable to the Vevay Deposit Bank of which the maker was Robert Benger. After investigation by the Sheriff's Department, a preliminary charge of Forgery was filed against the defendant in this case, and during that time the defendant admitted that he had forged Robert Benger's name upon the check which I herein submit to the Court. Upon this admission and further investigation by the Sheriff's Department, it was disclosed that there's five checks that he signed Robert Benger's name to and it has further come to the Sheriff's attention that here again is another defendant that Ohio County is looking for on a charge of Forgery up there on another check that he made up there in that county. This defendant is some-

what prone to use other people's names on checks. He is also inclined to indulge in intoxicating beverages, for which there is also an affidavit in the 'J.P.' court, for which he is now out on recognizance bond. It is the State's recommendation in this case that the best recommendation is to sentence him. I have no further.

"Q. Why, Mr. Dunlap, can you explain to the court how you ever got yourself in a mess like this?

"A. Yes, sir. I got to drinkin' and got with some other guys and started out on a binge.

"Q. How many checks did you issue here in this county on somebody else?

"A. I don't know just exactly. I paid them or will pay them. I don't want to cheat anybody.

"Q. Don't you know it's against the law to sign other people's names to a check?

"A. Yes, sir.

"Q. Did you make this check here good?

"A. I could.

"Q. I say, did you?

"A. No, sir, but I can.

"Q. How about this check in Ohio County?

"A. I don't remember anything about that one.

. . . . .

"THE COURT. On the 9th day of May, 1956, after being instructed by the court of your constitutional rights and your right to be represented by an attorney, an affidavit was read in which you were charged with the crime of Forgery.

"Q. Have you now any legal reason why the court should not pronounce sentence upon you?

"A. No, sir. I'd just like to plead guilty and put myself on the mercy of the Court. I think I can straighten up if I can get some treatment for this drinkin'.

"THE COURT. Well, the Court will recommend treatment for you, Mr. Dunlap.

"THE COURT: The court now finds against the defendant upon his plea of guilty, that he fully understands the charge brought and his legal rights in connection therewith. Upon your plea of guilty, the court finds you guilty of Forgery and sentences you to the Indiana State Prison for a period of not less than two years nor more than fourteen years and fines you in the penal sum of One Hundred Dollars. The Sheriff of the county is now ordered to carry into execution the judgment of this court.

"You will retire with the Sheriff."

Thus it appears to us that there is a patent and deliberate fraud committed upon this Court by the allegations of the petitioner herein.

It appears from the report of the Public Defender that this petitioner in July, 1960 filed a petition for a writ of error coram nobis alleging that he pleaded guilty as a result of false representation made to him by the court. The Deputy Public Defender entered his appearance in this case which was assigned for hearing February 20, 1961, but the petitioner dismissed such action.

It further appears from the report of the Public Defender that this petitioner thereafter filed a second petition for writ of error coram nobis, which was heard in May, 1964 and denied on June 5, 1964, and the substance of the allegations made at this time were considered by the Court and the Court found against the petitioner at that time.

It further appears that the petitioner testified at that time that the was sober and knew what he was doing when he was sentenced originally by the court in May, 1956. He further testified that in May, 1964 he had between $2500.00 and $2600.00. It thus appears to us that he is not an indigent entitled to the advice of the Public Defender in this state.

It further appears to us that considerable time and

attention have been given by the Public Defender's office and this Court to the frivolous and continuous attempts of the petitioner to be heard upon falsified and untrue allegations.

Under Burns' §9-3307 it is provided that where a petitioner such as the one here

" . . . swear(s) or affirm(s) falsely touching any allegation of fact, the same shall be considered bad conduct. If such petitioner so guilty of bad conduct as defined by this section be serving a determinate sentence, the warden or superintendent of such institution, by and with the consent of the board of trustees thereof, shall have the power, upon a hearing, to deprive such prisoner of any portion or all the good time, not exceeding one year, gained or which may thereafter be gained by such prisoner pursuant to any law or the rules or regulations of such institution concerning the diminution of sentence."

We find that petitioner has been guilty of false swearing touching matters as provided in that statute, and the clerk of this court is directed to certify a copy of this opinion to the warden of the Indiana State Prison located at Michigan City, Indiana.

The petition herein filed is denied.

Myers and Achor, JJ., concur.

Landis, J., concurs in result.

Jackson, J., concurs in result, but dissents to the imposition of any penalty of loss of good time.

NOTE.—Reported in 202 N. E. 2d 883.